UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| KENNETH B. PORTER, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-697 (CFD) |
| | : | |
| THOMAS MORRIS, et al., | : | |
| Defendants. | : | |

## RULING AND ORDER

The plaintiff, incarcerated at the New Haven Correctional Center, brings this civil rights action *pro se* and *in forma pauperis*. The plaintiff brings claims for improper medical treatment following his arrest. The defendants are Drs. Thomas Morris and Ian Schwartz, Nurse Michael Crawley and Yale New Haven Hospital.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550

U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that he was provided inadequate medical care for injuries suffering during his arrest. The arrest itself is the subject of another lawsuit, Porter v. Yale University Police Dep't, et al., No. 3:11cv526(CFD). In this case, the plaintiff alleges that the defendant hospital employees failed to properly diagnose and treat his injuries.

To state a section 1983 claim, plaintiff must allege that a person acting under color of state law violated his constitutionally or federally protected rights. Defendants Morris, Schwartz and Crawley work at Yale New Haven Hospital.

The Supreme Court has established a two-part test to determine when the actions of a private party may be attributed to the state so as to make the private party subject to liability under section 1983. First, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he

2

is a state official, because he has acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Id.

Yale-New Haven Hospital is affiliated with Yale University and the Yale University School of Medicine. It is not a state facility. Plaintiff alleges no facts to suggest that any defendant satisfies the requirements to be considered a state actor or is acting pursuant to any right created by the State of Connecticut. Thus, none of plaintiff's claims are cognizable under section 1983. The complaint is dismissed pursuant to 28 U.S.C. § 1915A for lack of state action.

## Order

The Court enters the following Order:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).

(2) The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated at Hartford, Connecticut, this 8th of July, 2011.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge